UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Connell Anderson,<br><br>  Plaintiff,<br><br><br><br><br>  -v.-<br><br>Midwest Recovery Systems, LLC, and<br>The Cincinnati Insurance Company.<br><br><br><br>  Defendant. | Civil Action No: 3:20-cv-1341<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Connell Anderson (hereinafter, "Plaintiff"), a Texas resident, brings this Complaint by and through his attorneys, Shawn Jaffer Law Firm PLLC against Defendant Midwest Recovery Systems, LLC dba MRS (hereinafter "MRS" or "Defendant"), for violations 15 U.S.C. § 1692 et seq., of the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1.  Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for statutory damages, costs, and reasonable attorney's fees.

2.  This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3.  Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

1

# PARTIES

4. Plaintiff is a resident of the State of Texas, County of Dallas, residing at 1300 Bellingham Circle, Glenn Heights, TX 75154.

5. Plaintiff is allegedly obligated to pay a "Consumer Debt" for a debt owed to Advance America in the amount of $304 and for the Cash Store in the amount of approximately $1,368.

6. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt, as defined by the FDCPA.

7. The Consumer Debt is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes, as defined by the FDCPA.

**Defendant Midwest Recovery Systems, LLC**

8. Defendant MRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) located at 514 Earth City Plaza, Suite 100, Earth City, MO 63045 and can be served process upon its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

9. Defendant MRS regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers within the State of Texas.

10. Upon information and belief, Defendant MRS is a company that uses the mail, telephone, and facsimile and regularly engages in a business the principal purpose of which is to attempt to collect debts alleged to be due another.

**Defendant The Cincinnati Insurance Company**

11. Defendant The Cincinnati Insurance Company ("Cincinnati") is an indemnity for Defendant MRS.

12. Defendant Cincinnati is an insurance company that conducts business in Texas and can be served with service of process at National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## FACTUAL ALLEGATIONS

13. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

14. At some time prior to December 2014, an obligation was allegedly incurred to the creditors Advance America and Cash Store by the Plaintiff.

15. The Advance America and Cash Store obligations arose out of transactions in which money, property, or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Advance America and Cash Store obligations are "debts" as defined by 15 U.S.C.§ 1692a(5).

17. Cash Advance and Cash Store are "creditors" as defined by 15 U.S.C.§ 1692a(4).

18. On May 6, 2020, Plaintiff called MRS at (888) 253-3440 and spoke with an MRS representative or agent named Ryan Smith.

19. Plaintiff asked Ryan Smith and MRS about the Consumer Debts at issue and requested information.

20. MRS through its agent or employee Ryan Smith requested payment on the Debts from Plaintiff.

21. MRS and its agent/employee Ryan Smith did not disclose to Plaintiff that the

Consumer Debts were time-barred or outside the statute of limitations and that MRS could not sue Plaintiff for the Consumer Debts.

22. MRS also did not disclose to Plaintiff regarding the pitfalls of paying on a time-barred debt.

23. The Consumer Debts was more than 4 years delinquent.

24. For these reasons, MRS misrepresented the legal status and character of the Consumer Debts when it demanded payment from Plaintiff.

25. As a result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged with an informational injury.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

26. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

27. Defendant MRS's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

28. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including:

    a. The false representation of the character, amount, or legal status any debt, § 1692e(2); and

    b. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, § 1692e(10).

29. By reason thereof, Defendant MRS is liable to Plaintiff for judgment that MRS's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of

statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

30. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32. By reason thereof, Defendant MRS is liable to Plaintiff for judgment that Defendant MRS's conduct violated Section 1692f et seq. of the FDCPA and Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

33. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Connell Anderson, demands judgment from Defendant MRS:

1. Awarding Plaintiff $1,000 in statutory damages under the FDCPA;

2. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

3. Enjoin the Defendant from collection activities on the Consumer Debt; and

4. Awarding Plaintiff any other and further relief as this Court may deem just and proper.

Dated:   May 22, 2020                                      Respectfully Submitted,

                                                           **Shawn Jaffer Law Firm PLLC**

                                                           /s/ Shawn Jaffer                      .
                                                           Shawn Jaffer, Esq.
                                                           TX Bar No: 24107817
                                                           5301 Alpha Rd, Suite 80-1
                                                           Dallas, TX 75240
                                                           T : 214-494-1668
                                                           F:  469-669-0786
                                                           shawn@jaffer.law
                                                           *Attorney for Plaintiff Connell Anderson*