IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONNELL ANDERSON | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-01341-X |
| MIDWEST RECOVERY SYSTEMS, LLC; AND THE CINCINNATI INSURANCE CO. | § § § | |
| The Defendants. | § | |

## ORIGINAL ANSWER OF THE CINCINNATI INSURANCE COMPANY

Defendant, The Cincinnati Insurance Company (the "Surety"), files its Original Answer to the Original Complaint1 (the "Complaint") filed by Connell Anderson ("Plaintiff").

## ADMISSIONS & DENIALS TO ORIGINAL COMPLAINT

### Jurisdiction and Venue

1. No response to this averment is required. To the extent necessary, the Surety denies the Plaintiff's entitlement to any damages in this suit.

2. The Surety admits jurisdiction is proper.

3. The Surety admits venue is proper.

### Parties

4. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 4 of the Complaint.

5. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 5 of the Complaint.

6. The Surety denies the averments in Paragraph 6 of the Complaint.

---

1 Dkt. 1

**ORIGINAL ANSWER OF THE CINCINNATI INSURANCE COMPANY**                                              Page 1

7. The Surety denies the averments in Paragraph 7 of the Complaint.

8. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 8 of the Complaint. To the extent necessary, the Surety denies any other legal conclusions in Paragraph 8 of the Complaint.

9. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 9 of the Complaint.

10. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 10 of the Complaint.

11. The Surety denies the averments in Paragraph 11 of the Complaint.

12. The Surety admits the averments in Paragraph 12 of the Complaint. To the extent necessary, the Surety denies any other legal conclusions in Paragraph 12 of the Complaint.

## Factual Allegations

13. The Surety reiterates and incorporates its responses to the averments in Paragraphs 1-12 of the Complaint.

14. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 14 of the Complaint, therefore denied.

15. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 15 of the Complaint, therefore denied

16. The Surety denies the averments in Paragraph 16 of the Complaint.

17. The Surety denies the averments in Paragraph 17 of the Complaint.

18. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 18 of the Complaint, therefore denied.

19. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 19 of the Complaint, therefore denied.

20. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 20 of the Complaint, therefore denied.

21. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 21 of the Complaint, therefore denied.

22. The Surety is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in Paragraph 22 of the Complaint, therefore denied.

23. The Surety denies the averments in Paragraph 23 of the Complaint.

24. The Surety denies the averments in Paragraph 24 of the Complaint.

25. The Surety denies the averments in Paragraph 25 of the Complaint.

## Count I

26. The Surety reiterates and incorporates its responses to the averments in Paragraphs 1-25 of the Complaint.

27. The Surety denies the averments in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint only contains legal conclusions, rather than any factual averments. Therefore, no response is required. The statute speaks for itself. Otherwise, denied.

29. The Surety denies the averments in Paragraph 29 of the Complaint.

## Count II

30. The Surety reiterates and incorporates its responses to the averments in Paragraphs 1-29 of the Complaint

31. Paragraph 31 of the Complaint only contains legal conclusions, rather than any factual averments. Therefore, no response is required. The statute speaks for itself. Otherwise, denied

32. The Surety denies the averments in Paragraph 32 of the Complaint.

### Jury Demand

33. No response to this averment is required. To the extent necessary, the Surety denies the Plaintiff's entitlement to any damages in this suit.

### Prayer for Relief

34. The Surety denies that Plaintiff is entitled to any of the relief requested. Any other averments in the Complaint not specifically addressed in this answer are specifically denied.

### Defenses

1. Plaintiff's claims are barred, in whole or in part, because any actions by Midwest Recovery Systems, LLC (the "Principal") did not violate any provision of the Fair Debt Collection Practices Act.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff consented – whether expressly or impliedly – to be contacted to collect on the debt.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to follow the proper procedures for revocation of consent.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not sustain cognizable damages.

5. Plaintiff's claims are barred, in whole or in part, by waiver and/or estoppel.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff actually owed the debt.

## REQUEST FOR RELIEF

For the foregoing reasons, The Cincinnati Insurance Company requests that Plaintiff's claims be dismissed, and that Plaintiff take nothing from and against the The Surety by way of Plaintiff's claims in this action. The Surety further requests all other relief as this Honorable Court deems just and appropriate.

                                       Respectfully submitted,

                                       **LANGLEY LLP**

                                       By: */s/ Brandon K. Bains*
                                            Brandon K. Bains
                                            State Bar No. 24050126
                                            P.O. Box 94075
                                            Southlake, TX 76092
                                            (214) 722-7171
                                            bbains@l-llp.com

                                       **ATTORNEY FOR THE CINCINNATI INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following, in accordance with the Federal Rules of Civil Procedure on this the 30th day of June 2020.

    Shawn Jaffer, Esq.
    SHAWN JAFFER LAW FIRM PLLC
    5301 Alpha Rd., Suite 80-1
    Dallas, Texas 75240
    shawn@jaffer.law
    *Counsel for Plaintiff*

                                         */s/ Brandon K. Bains*
                                         Brandon K, Bains